THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DANIEL B. DOHNER,<br>    An individual | Case No. 2:11-CV-00276-DS |
| MARY LYNN DOHNER<br>    An individual | |
|            Plaintiffs, | |
| vs. | |
| WACHOVIA MORTGAGE FSB,<br>    a United States federal savings bank | **MEMORANDUM DECISION** |
| WELLS FARGO HOME MORTGAGE,<br>    a division of Wells Fargo Bank, NA,<br>    a United States corporation | |
| FIRST AMERICAN TITLE INSURANCE AGENCY,<br>    a Utah company | |
| ETITLE INSURANCE AGENCY<br>    a Utah company | |
|            Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

      The court has before it Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). While the court notes plaintiffs' request for hearing, the court has considered the briefing, the state of the law on the issues presented to the court, and DUCivR7-1(f) and finds that there is no justification for oral argument on the motion pending before the

court. The motion to dismiss will therefore be determined by the court on the basis of the written memoranda of the parties.

### 1. Background

On or about March 11, 2008, Plaintiffs obtained a loan from the original lender, Wachovia, in order to refinance a home located at 1363 East Elk Glen Drive, Draper, Utah. Wachovia loaned Plaintiffs $645,000.00. Plaintiffs executed a promissory note that required repayment of the loan and a deed of trust encumbering the property and securing Plaintiff's obligations under the note. Subsequently, Plaintiffs defaulted on the loan by failing to make full monthly payments. Plaintiffs filed their Complaint in this case on March 23, 2011, setting forth three separate Causes of Action against Wachovia Mortgage, FSB, Wells Fargo Home Mortgage, Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc. (the "Wells Fargo Defendants"): (1) Breach of Duty of Good Faith and Fair Dealing, (2) Negligent Misrepresentation, and (3) Violation of the Fair Credit Reporting Act. The Wells Fargo Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 27, 2011.

### 2. **Standard of Review**

When evaluating a motion to dismiss, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *See Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008); *Andersen v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1284 (10th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual contents that allow the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-1224 (10th Cir. 2009).

### 3. Claim Against Wells Fargo Defendants for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs first allege that the Wells Fargo defendants breached their duty of good faith and fair dealing by inducing the Plaintiffs to become delinquent on their mortgage and then failing to timely and adequately consider them for a loan modification. The implied covenant of good faith and fair dealing inheres in every contract. *See Eggett v. Wasatch Energy Corp.,* 94 P.3d 193, 198. As distinguished from a contract's express terms, the covenant "is based on judicially recognized duties not found within the four corners of the contract." *Christiansen v. Farmers Ins. Exch.,* 116 P.3d 259, 265 (Utah 2001) (citing *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 798 (Utah 1985)). "Under [the covenant], both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract." *Eggett,* 94 P.3d at 195. Furthermore, the "covenant . . . should prevent either party from impeding the other's performance of his obligations [under the contract]; and . . . one party may not render it difficult or impossible for the other to continue performance and then take advantage of the non-performance he has caused." *Zion's Props., Inc. v. Holt,* 538 P.2d 1319, 1321 (Utah 1975) (footnote omitted); *see also Advanced Restoration,* 126 P.3d 786, 792 (Utah Ct. App. 2005); *PDQ Lube Ctr., Inc. v. Huber,* 949 P.2d 792, 798 (Utah Ct. App. 1997).

Plaintiffs allege that prior to defaulting on their loan, they requested a loan modification. (Compl., ¶¶ 58-67.) Plaintiffs claim that when they attempted to request the loan modification

from Wachovia, they were informed that they must first be delinquent to request such a modification. (Compl., ¶ 61.) Plaintiffs then allege that Wells Fargo defendants failed to timely respond, a delay which caused the delinquency amount on the mortgage to increase to the point where Plaintiffs were unable to cure the default.(Compl., ¶ 61.) These facts, as alleged, do not indicate that the Wells Fargo Defendants either impeded the Dohners in performing their obligations under the contract or rendered it impossible for the Dohners to perform. The parties do not dispute that the Wells Fargo Defendants were under no duty to modify the loan agreement. The Dohners elected to breach the contract unilaterally, hoping that Wells Fargo would modify the loan. None of Plaintiffs' allegations to indicate that Wells Fargo induced this default, but simply that Wells Fargo explained that it would not consider Plaintiffs for a modification unless they were in default. (Compl., ¶ 61.)

Plaintiffs rely on several cases to support their theory that the Wells Fargo defendants acted in bad faith when they failed to modify the Dohner's loan. Each of these cases is distinguishable from the fact scenario at hand. Plaintiffs point to an exception to the Statute of Frauds that provides "[i]f a party has changed his position by performing an oral modification so that it would be inequitable to permit the other party to found a claim upon the original agreement[,] . . . the modified agreement should be held valid." *Stanton v. Ocwen Loan Servicing, LLC*, WL 3824640 (N.D. Utah 2010)(quoting *White v. Fox*, 665 P.2d 1297, 1301 (Utah 1983). Unlike the Plaintiffs in *Stanton* that alleged a series of very specific oral and written promises to modify from their mortgage provider, the Dohners do not allege in any of the 92 paragraphs of pleadings that the Wells Fargo defendants made any specific promise, either orally or in writing, to modify the loan agreement upon which plaintiffs might have relied. They allege

4

that "Defendants offered Plaintiffs alternatives in January, 2011 but have failed to provide any opportunity to realize the benefits of the alternatives." (Compl., ¶ 66.) Whether this portion is alleged against the Wells Fargo Defendants is uncertain, as other allegations seem to suggest that these allegations are directed toward BSI. Even if this paragraph is referring to the Wells Fargo Defendants and taken as true, it does not constitute grounds upon which this court might enforce an oral promise because no oral promise is alleged.

Insofar as the Dohners attempt to base this cause of action on the Home Affordable Modification Program ("HAMP"), such claims fail as a matter of law. HAMP does not require lenders to modify loans. Rather, it requires lenders "to consider borrowers for loan modifications and suspend foreclosure activities while a given borrower is being evaluated for a modification." *Marks v. Bank of America*, 2010 U.S. Dist. LEXIS 61489, n.3, *14-15 (D. Ariz. June 22, 2010). Furthermore, "there is no private right of action under HAMP." *Shurtliff v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 117962, *10 (D. Utah Nov. 5, 2010). Even if the court accepts all of Plaintiffs' factual allegations as true and draws all reasonable inferences in their favor, Plaintiffs have not stated a claim for breach of the duty of good faith and fair dealing upon which relief may be granted.

4. **Claim Against Wells Fargo Defendants for Negligent Misrepresentation**

Plaintiffs' negligent misrepresentation claims fail as a matter of law. First, Plaintiffs claim that Wachovia negligently misrepresented that Plaintiffs "would be able to repay the loan terms." (Compl., ¶¶ 70-74.) Specifically, Plaintiffs claim that Wachovia was required to "use necessary care in proposing the loan" and that it "did not perform reasonable underwriting analysis" in determining whether Plaintiffs would be able to repay the loan.(Compl., ¶¶ 71-73.)

This court has rejected Plaintiffs' theory that Wachovia owed Plaintiffs a duty to ensure their ability to repay their Loan, holding that "under Utah law, a lender does not owe a borrower any fiduciary duties, including such alleged duty to investigate Plaintiff's ability to repay a loan." *Rhodes v. Wells Fargo Home Mortg.*, 2010 WL 3222414, *4 (D. Utah 2010)(unpublished). Although "a fiduciary duty may be created between a lender and a borrower depending on specific facts surrounding the transaction[,]" *Stanton*, WL 3824640 at 8-9, Plaintiffs have not alleged facts that would indicate that the relationship here is different from the arms-length relationship of the typical borrower and lender. Furthermore, Plaintiffs were necessarily in the best position to know whether they would be able to repay the loan.

Second, Plaintiffs allege that the Wells Fargo Defendants "carelessly or negligently misrepresented to the Dohners that the value of the home would continue to increase when it did not." (Compl., ¶ 75.) This claim also fails as a matter of law, because negligent misrepresentation claims require that the representation in question be made regarding a "presently existing material fact." *Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966,977 (Utah 2009). *See also Cerritos Trucking Co. v. Utah Venture No. 1*, 645 P.2d 608, 612 (Utah 1982)(negligent misrepresentation cases involve a "past or present fact"). Even taken as true, Plaintiffs' allegations do not qualify as misrepresentations of a presently existing material fact and must, therefore, fail as a matter of law.

Third, Plaintiffs claim that the Wells Fargo defendants committed TILA violations, which they argue provides "per se" evidence of misrepresentation. (Compl., ¶¶ 76-77.) The allegations of TILA violations are unavailing because the Complaint was filed more than one year after the alleged failure to disclose. TILA expressly provides that a plaintiff must bring claims for

damages under TILA within one year "from the date of occurrence of the violation." 15 U.S.C. §1640(e). *See also Sanders v. Ethington*, 2010 U.S. Dist. LEXIS 133996, *7 (D. Utah Dec. 15, 2010)("15 U.S.C. §1640(e) clearly places a one-year time limit on a private person's ability to bring a damages claim for TILA violations.")

Fourth, Plaintiffs claim that the Wells Fargo Defendants negligently misrepresented that the Dohners received the best loan terms for which they qualified when their loan was below "prime." (Compl., ¶¶ 76-77.) As set forth above, this misrepresentation claim fails because the Wells Fargo Defendants had no duty to ensure that Plaintiffs obtained the "best loan." *See Rogers v. Amberican Brokers Conduit*, 2009 U.S. Dist. LEXIS 99745, *8 (D. Utah 2009)(unpublished)(rejecting Plaintiffs' theory that lender had a duty to ensure loan would be suitable for borrowers' circumstances and financial condition). Plaintiffs have not alleged facts sufficient to demonstrate that the Wells Fargo Defendants took upon themselves such fiduciary duties. Even if all of Plaintiffs allegations are taken as true, they do not substantiate a claim for negligent misrepresentation.

5. **Claim Against Wells Fargo Defendants for Violation of the Fair Credit Reporting Act**

Finally, Plaintiffs allege that the Wells Fargo Defendants violated the FCRA when they received the Dohners' applications for loan modification, accessed their consumer reports and failed to notify them of an adverse action. (Compl., ¶¶ 87-92.) This claim fails as a matter of law because there is no private right of action for violation of the notification requirement contained in 15 U.S.C. § 1681m. The language of 15 U.S.C. § 1681m(h)(8)(A)-(B) clearly states that this section "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." *See Bourdelais v. J.P. Morgan Chase Bank, N.A.*, 2011

U.S. Dist. LEXIS 35508, *21 (E.D. Va. Apr. 1, 2011) ("Virtually every federal district court and the only federal court of appeals to interpret § 1681m(h)(8) has found [that] . . . no private right of action exists for violations of section 1681m in its entirety.") Thus, Plaintiffs' Claims for FCRA violations fail as a matter of law.

**6. Conclusion**

For the foregoing reasons, the court grants the motion of defendants Wachovia Mortgage, FSB, Wells Fargo Home Mortgage, Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc. to dismisses plaintiffs' complaint with prejudice.

SO ORDERED.

Dated this 13th day of September, 2011.

_____
David Sam
Senior Judge
United States District Court